UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                                           PLAINTIFF

v.                                                              CRIMINAL ACTION NO. 3:16CR-138-CRS

KEITH NAPIER                                                                          DEFENDANT

## **MEMORANDUM OPINION**

This matter is before the court on motion of the United States for an order of restitution to be paid to victim Jane Doe in this case.

On June 6, 2017, the defendant, Keith Napier, pled guilty to one count of sex trafficking of a minor, in violation of 18 U.S.C. § 1591. In his plea agreement, Napier agreed to the payment of mandatory restitution, but the parties had not reached an agreement on the amount. On October 31, 2017, Napier was sentenced to a term of 121 months imprisonment and lifetime supervised release.

The United States has now moved for an order of restitution in the sum of $50, 400.00, purportedly representing the full amount of the victim's losses, as mandated by 18 U.S.C. § 1593(b)(1). Such losses include the greater of the gross income or value to the defendant of the victim's services or labor or the value of the victim's labor as guaranteed under the minimum wage and overtime guarantees of the Fair Labor Standards Act (29 U.S.C. § 201 et seq.)." 18 U.S.C. § 1593(b)(3).

> An order of restitution under this provision is issued and enforced in accordance with procedures set out in 18 U.S.C. § 3664, in the same manner as an order under the Mandatory Victims Restitution Act, 18 U.S.C. § 3663A. 18 U.S.C. § 1593(b)(2). As such, "[t]he court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant." *Id.* § 3664(f)(1)(A). "Any dispute as to the proper amount or type of restitution shall be resolved by the court by the preponderance of the evidence.

*United States v. Lewis*, 791 F. Supp. 2d 81, 90 (D.D.C. 2011).

The defendant concedes that restitution is mandatory under the statute. *See also Lewis*, 791 F. Supp. 2d at 90, *citing United States v. Fu Sheng Kuo,* 620 F.3d 1158, 1164 (9th Cir.2010) ("[T]he Trafficking Act mandates restitution that includes a defendant's ill-gotten gains."); *United States v. Mammedov,* 304 Fed.Appx. 922, 927 (2d Cir.2008) ("[T]he express terms of 18 U.S.C. § 1593 require that the victims in this case, i.e., persons who engaged in commercial sex acts within the meaning of 18 U.S.C. § 1591, receive restitution, notwithstanding that their earnings came from illegal conduct."). The amount of restitution need not be proven with exactitude, and this court does not abuse its discretion in ordering a sum shown by the United States to be supported by the record.

The United States has based its calculation on the unsworn affidavit of Federal Bureau of Investigation Task Force Officer Mark Bramer who worked on the investigation of Keith Napier. Bramer states that he interviewed Jane Doe in July of 2017, and reviewed text messages on Keith Napier and Jane Doe's cellular phones which purportedly contained offers for commercial sex acts for a wide range of prices, various periods of time, and various locations. Jane Doe reported that she worked from the beginning of March 2016 to May 5, 2016, with the exception of one week when she returned to her mother's house. She stated to Bramer that she worked 4 to 5 days per week seeing ten clients a day and charged them around $200 each. Jane Doe's statement

appears at least partially inconsistent with the cell phone texts Bramer states he reviewed which related varying rates charged, lengths of encounter, and differing locations. This constitutes the sum total of the evidence offered in support of the proposed valuation of Jane Doe's services to Napier.

The United States' proposed sum of $50,400.00 accounts for 8 weeks from the beginning of March 2016 to May 5, 2016 when Napier was arrested. One week was subtracted from this period during which Jane Doe returned home to her mother's house. The price for commercial sex acts with clients varied between $80 for ½ hour up to $200 for an hour with a client. With no further information, the United States took an average of $140/per client, an average 4.5 days per week, and total of 10 clients per day to conclude that $50,400.00 is an appropriate calculation of the value of Jane Doe's services. The court disagrees.

The preponderance of the evidence concerning the services performed by Jane Doe for the benefit of Napier establishes that she worked at least 4 days per week, at a rate of at least $80 per client, for 10 clients per day, over a period of 8 weeks. This yields a total award of restitution in the amount of $25,600.00. There is no evidence substantiating by a preponderance of the evidence the particular averages offered by the United States. Such figures are wholly guesswork. While precision in these calculations is not mandated, the court must find that the amounts are substantiated by record evidence. The court finds that an award of $25,600.00 meets the mandate and purpose of the statute.

Therefore, an Order of Restitution will be entered herein this date in accordance with this memorandum opinion.

January 23, 2018

**IT IS SO ORDERED**.

**Charles R. Simpson III, Senior Judge**
**United States District Court**