UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

KEITH L. NAPIER                                                                                                   MOVANT

v.                                                                         Civil Action No. 3:19-cv-00256-JRW-HBB
                                                                        Criminal Action No. 3:16-cr-00138-JRW-HBB

UNITED STATES OF AMERICA                                                                              RESPONDENT

## ORDER DENYING MOTION TO VACATE

The Court:

1. **OVERRULES** Napier's Objections (DN 55);

2. **ADOPTS** Magistrate Judge Brent Brennenstuhl's Findings of Fact, Conclusions of Law, and Recommendation in its entirety (DN 52);

3. **DENIES** Napier's motion to vacate (DN 46); and

4. **DENIES** a Certificate of Appealability.

## OPINION

In 2016, Keith Napier sold a child for sex.  He arranged for Johns to sexually exploit her at hotels by advertising her on the internet and driving her to those meetings.

In 2017, Napier pled guilty to Sex Trafficking of a Minor.[1]  The Court sentenced him to ten years and one month in prison.[2]  It also ordered him to pay $25,600 in restitution to his child victim.[3]  His judgment became final on November 3, 2017.[4]

---

[1] DN 26.
[2] DN 40 at #136.
[3] DN 45.
[4] DN 40.

Napier now challenges his sentence. He moved to vacate, set aside, or correct his sentence in March 2019, one year and four months after his district court judgment became final.[5]

As Judge Brennenstuhl explained, Napier filed his motion to vacate too late.[6] Under 28 U.S.C. § 2255(f)(1), motions to vacate, set aside, or correct a sentence must be filed within one year of the date a district court judgment becomes final.

In objecting to Judge Brennenstuhl's Report, Napier blames his lawyer for any number of purported mistakes.[7] It's not clear whether he argues these mistakes excuse his failure to satisfy § 2255(f)(1)'s deadline, or whether he is expanding on his previous ineffective assistance of counsel arguments. Regardless, Napier isn't entitled to a lawyer, so his mistake in missing a deadline is his alone.[8] Indeed, if Napier could escape § 2255(f)(1)'s one-year limit this way, anyone could.[9]

Regardless, Napier's objections lack merit. Napier is not entitled to a Certificate of Appealability because no reasonable jurist would find the question presented to be debatable.[10]

Justin R Walker, District Judge
United States District Court

5/12/2020

---

[5] DN 46.
[6] DN 52 at #236.
[7] DN 55.
[8] *See Nichols v. United States*, 563 F.3d 240, 248 (6th Cir. 2009) (*en banc*) ("And where there is no constitutional right to counsel there can be no deprivation of effective assistance.") (citation and quotation marks omitted); *see also, Stearns v. United States*, No. 06-14086, 2007 WL 3037746, at *6, (E.D. Mich. Oct. 17, 2007) (collecting cases where habeas petitions were time-barred despite claims of attorney mistake or lack of due diligence).
[9] Also, Napier couldn't show he was acting diligently or "extraordinary circumstances" impeded him, and he must show both. *Jefferson v. United States*, 730 F.3d 537, 549 (6th Cir. 2013) (a petitioner must show that he acted diligently *and* that "some extraordinary circumstance stood in his way and prevented timely filing") (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).
[10] *See Slack v. McDaniel*, 529 U.S. 473, 483-4 (2000); *see also, Moody v. United States*, No. 19-5015 (6th Cir. May 6, 2020) (Thapar, J.) ("In short, a court should not grant a certificate without some substantial reason to think that the denial of relief might be incorrect.").